UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRUCESTAN T. JORDAN ]
    Plaintiff, ]
] No. **3 10 0177**
v. ] (No. 3:10-mc-0010)
] Judge Campbell
EDWARD M. YARBROUGH, et al. ]
    Defendants. ]

## ORDER

The plaintiff has submitted a *pro se* Commercial Notice of Amended Complaint Bill in Equity (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry No. 6).

The plaintiff is an inmate at the Federal Correctional Institution in Miami, Florida. It appears from his application that the plaintiff lacks sufficient financial resources from which to pay the $350.00 filing fee. Accordingly, the plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

From the plaintiff's Commercial Notice of Amended Complaint, one thing is clear. In November, 2006, a federal jury found the plaintiff guilty of mail fraud and aggravated identity theft. For these crimes, he received a sentence of seventy two (72) months in prison, to be followed by three years of supervised release.[1]

The plaintiff's pleading does not set forth specific claims against the individual defendants. Nor has he identified specific rights or laws that each defendant has violated. Consequently, the plaintiff has failed to state a claim upon which relief can be granted. This action, therefore, is hereby DISMISSED. 28 U.S.C. § 1915(e)(2).

---

[1] United States of America v. Brucestan Jordan, Criminal No. 3:06-00165 (M.D. Tenn.) (Trauger, J., presiding).

An appeal of the judgment rendered herein would not be taken in good faith. <u>Coppedge v. United States,</u> 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3). The Clerk is directed to send a copy of this order to the Warden of the Federal Correctional Institution in Miami to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

Todd Campbell
United States District Judge